## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA *ex rel.*
Stephen Stepanishen, and STEPHEN
STEPANISHEN, individually,

                  Plaintiffs,

     v.

BEI PRECISION SYSTEMS & SPACE
COMPANY, INC.,

                  Defendant.

Civil Action No.
4:20-cv-414-BRW

## BRIEF IN SUPPORT OF DEFENDANT
## BEI PRECISION SYSTEMS & SPACE COMPANY, INC.'S
## MOTION TO DISMISS RELATOR'S COMPLAINT

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

PROCEDURAL BACKGROUND...............................................................................1

RELATOR'S ALLEGATIONS.....................................................................................2

STANDARD OF REVIEW ..........................................................................................3

ARGUMENT ................................................................................................................5

I.     COUNT I MUST BE DISMISSED FOR FAILURE TO SUFFICIENTLY
       PLEAD A CAUSE OF ACTION UNDER § 3729(A)(1)(A). ...........................5

       A.     The Complaint Does Not Include Representative Examples of
              Claims for Payment; Nor Does It Allege Particular Details of a
              Scheme to Submit False Claims Paired with Reliable Indicia that
              Lead to a Strong Inference That Such Claims for Payment Were
              Actually Submitted to the Government. .................................................5

       B.     The Complaint Fails to Sufficiently Allege Falsity. ..............................8

       C.     The Complaint Fails to Adequately Allege Scienter. ..........................10

       D.     The Complaint Does Not Meet the FCA's Rigorous Materiality
              Standard. ..............................................................................................11

II.    THE § 3729(A)(1)(B) CAUSE OF ACTION (COUNT II) SIMILARLY
       FAILS TO SATISFY THE PLEADING REQUIREMENTS OF RULES
       8(A) AND 9(B). ..............................................................................................12

III.   COUNT III MUST BE DISMISSED PURSUANT TO RULES 8(A) AND
       12(B)(6)............................................................................................................13

       A.     The Complaint Fails to Allege Facts Establishing that BEI was on
              Notice that Relator was Engaged in Protected Activity, as Opposed
              to Simply Performing his Ordinary Job Responsibilities as a
              Reliability Engineer. ............................................................................13

       B.     The Complaint Does Not Allege that Relator's Protected Activity
              was the Sole Cause of His Termination............................................14

V.     CONCLUSION.................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................3, 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................................................3

*Briehl v. Gen. Motors Corp.,*
    172 F.3d 623 (8th Cir. 1999) .....................................................................................3

*J&B Tankers, Inc. v. Navistar Int'l Corp.,*
    539 F. Supp. 3d 955 (E.D. Ark. 2021) ......................................................................4

*Kushner v. Beverly Enters., Inc.,*
    317 F.3d 820 (8th Cir. 2003) .................................................................................4, 5

*Olson v. Fairview Health Servs. of Minn.,*
    831 F.3d 1063 (8th Cir. 2016) ...................................................................................5

*Schuhardt v. Wash. Univ.,*
    390 F.3d 563 (8th Cir. 2004) ...................................................................................13

*Tener v. Mercy Health Servs.-Iowa, Corp.,*
    No. 22-CV-4025, 2022 WL 2972219 (N.D. Iowa July 27, 2022) ...........................14

*Thayer v. Planned Parenthood of the Heartland, Inc.,*
    11 F.4th 934 (8th Cir. 2021) ......................................................................................5

*United States ex rel. Benaissa v. Trinity Health,*
    963 F.3d 733 (8th Cir. 2020) ..........................................................................3, 6, 7, 12

*United States ex rel. Clausen v. Lab'y Corp. of Am., Inc.,*
    290 F.3d 1301 (11th Cir. 2002) .................................................................................5

*United States ex rel. Clemente v. Lead Teach Mentor LLC,*
    No. 16CV00875, 2018 WL 11342823 (E.D. Ark. Apr. 11, 2018) ............................7

*United States ex rel. Donegan v. Anesthesia Assocs. of Kan. City, P.C.,*
    833 F.3d 874 (8th Cir. 2016) ...................................................................................11

*United States ex rel. Grant v. United Airlines Inc.,*
    912 F.3d 190 (4th Cir. 2018) .....................................................................................7

*United States ex rel. Holt v. Medicare Medicaid Advisors, Inc.*,
No. 18-CV-860, 2022 WL 3587358 (W.D. Mo. Aug. 22, 2022) ............................................12

*United States ex rel. Joshi v. St. Luke's Hosp., Inc.*,
441 F.3d 552 (8th Cir. 2006) ...........................................................................................4, 6, 7

*United States ex rel. Ladas v. Exelis, Inc.*,
824 F.3d 16 (2d. Cir. 2016)..............................................................................................9

*United States ex rel. Lampkin v. Pioneer Educ.*,
No. 16-CV-1817, 2020 WL 4382275 (D.N.J. July 31, 2020).................................................12

*United States ex rel. Mateski v. Raytheon Co.*,
No. 06-cv-03614, 2017 WL 3326452 (C.D. Cal. Aug. 3, 2017) ...........................................9

*United States ex rel. Miller v. Weston Educ., Inc.*,
840 F.3d 494 (8th Cir. 2016) ...........................................................................................12

*United States ex rel. Patton v. Shaw Servs., L.L.C.*,
418 F. App'x 366 (5th Cir. 2011) ....................................................................................9

*United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*,
690 F.3d 951 (8th Cir. 2012) ...........................................................................................10

*United States ex rel. Reed v. KeyPoint Gov't Sols.*,
923 F.3d 729 (10th Cir. 2019) .........................................................................................14

*United States ex rel. Steury v. Cardinal Health, Inc.*,
735 F.3d 202 (5th Cir. 2013) ...........................................................................................9

*United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*,
915 F.3d 1158 (8th Cir. 2019) ..................................................................................4, 6, 7, 12

*United States ex rel. Thayer v. Planned Parenthood of the Heartland*,
765 F.3d 914 (8th Cir. 2014) ........................................................................................4, 5

*United States ex rel. Totten v. Bombardier Corp.*,
286 F.3d 542 (D.C. Cir. 2002).........................................................................................9

*United States ex rel. Watt v. VirtuOx, Inc.*,
No. 19-CV-61084, 2021 WL 3883944 (S.D. Fla. Aug. 31, 2021) .........................................12

*United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
525 F.3d 370 (4th Cir. 2008) ...........................................................................................11

*United States v. Comstor Corp.*,
308 F. Supp. 3d 56 (D.D.C. 2018) ....................................................................................11

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
 579 U.S. 176 (2016) ................................................................................10, 11

*Yuhasz v. Brush Wellman, Inc.*,
 341 F.3d 559 (6th Cir. 2003) .............................................................................10

*Zean v. Fairview Health Servs.*,
 858 F.3d 520 (8th Cir. 2017) ...............................................................................4

**Statutes**

31 U.S.C. § 3729 *et seq* ....................................................................................1

31 U.S.C. § 3729(a)(1)(A) ..............................................................................1, 5

31 U.S.C. § 3729(a)(1)(B) ............................................................................1, 12

31 U.S.C. § 3729(b)(1)(A) ...............................................................................10

31 U.S.C. § 3730(b)(2) ........................................................................................1

31 U.S.C. § 3730(h) ..........................................................................................13

**Rules**

Fed. R. Civ. P. 8 ...............................................................................................11

Fed. R. Civ. P. 8(a) .............................................................................1, 3, 12, 13

Fed. R. Civ. P. 9(b) ..................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ......................................................................1, 3, 13, 15

## INTRODUCTION

Defendant BEI Precision Systems & Space Company Inc. ("BEI") respectfully submits this memorandum in support of its motion to dismiss the complaint filed by Steven Stepanishen ("Relator") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

Relator alleges that BEI violated the False Claims Act, 31 U.S.C. § 3729 *et seq*. ("FCA") by presenting false claims for payment in violation of § 3729(a)(1)(A) (Count I) and by making false statements material to a false claim in violation of § 3729(a)(1)(B) (Count II).  These counts must be dismissed for failure to sufficiently plead the elements of a viable cause of action. Specifically, Relator's allegations fail to identify any contract requirements from which BEI purportedly deviated, and the complaint rests upon conclusory allegations and speculative inferences, not well-pled facts supporting a plausible inference that false claims were submitted to the government, and certainly not facts pled with the particularity required by Rule 9(b).

Finally, Relator's FCA retaliatory discharge claim (Count III) must be dismissed pursuant to Rules 8(a) and 12(b)(6) because it fails to allege that BEI was on notice of any protected activity or that BEI took an adverse action against Relator solely because of this protected activity.

## PROCEDURAL BACKGROUND

This case was first initiated on April 16, 2020 in the U.S. District Court for the Eastern District of Arkansas as a *qui tam* action under the federal False Claims Act.  ECF No. 1.  Pursuant to the FCA, *qui tam* actions must remain under seal and be kept confidential from outside parties, to include the defendant, for at least sixty (60) days, during which time the United States investigates the relator's allegations to decide whether to intervene, or seek an extension of time for the complaint to remain under seal.  *See* 31 U.S.C. § 3730(b)(2).

In this case, following a period of investigation into the Relator's allegations, the United States opted not to intervene in the action and filed a Notice of Election to Decline Intervention on

February 22, 2022.  ECF No. 14.  The Complaint was subsequently unsealed and served on BEI on May 2, 2023.  ECF No. 16.  By Order entered on May 9, 2023, the Court granted BEI's Unopposed Motion for Extension of Time to File Responsive Pleadings (ECF No. 18), thereby extending the time for BEI to file its responsive pleadings until July 7, 2023.

## RELATOR'S ALLEGATIONS

The following allegations are assumed to be true for the limited purposes of this motion. Between 1998 and March 5, 2020, Relator worked for BEI.  Compl. ¶ 20.  BEI manufactures a variety of motion control components—including optical encoders and custom space instrumentation—for military, space, aviation, range tracking, and scientific programs.  *Id.* ¶ 22. At the time of his termination, Relator worked as a reliability engineer.  *Id.* ¶ 20.  According to the complaint, Relator's work for BEI centered on quality and contract assurance—*i.e.*, "he made sure that products were testing the way that they were supposed to, being produced the way they were supposed to and met the parameters of the production contract."  *Id*. ¶ 32.

Beginning in approximately September 2019, BEI allegedly began advertising a new series of optical encoders, known as the Nanoseries ARA.  *Id*. ¶ 34.  According to the complaint, the Nanoseries ARA was advertised as being "space qualified," but Relator alleges that this was a false representation because these encoders had purportedly not undergone any environmental testing to determine if the encoders would hold up as designed in space conditions.  *Id*. ¶¶ 39-41.

Relator also alleges that, after entering into production agreements, BEI discovered flaws with its design and production of the encoders.  *Id*. ¶ 48.  The complaint alleges that the expense of resolving the flaws could have been avoided if BEI had conducted the environmental testing that Relator believes was necessary for the company to claim that the encoders were space qualified.  *Id*. ¶¶ 50-51.

Relator further alleges that while troubleshooting these purported flaws, he was directed to bill his work to contracts other than the contract to which he believes his time should have been billed.  Specifically, he states that he was instructed to bill to a Harris CrlS contract with room for the additional cost, rather than the contract on which the work was actually being performed.  *Id.* ¶ 55.

Between November 2019 and his termination on March 5, 2020, Relator alleges that he raised concerns internally about BEI's failure to properly test the encoders and the subsequent failure to inform the government of problems with production.  *Id.* ¶¶ 56-58.  According to the complaint, Relator received negative performance reviews relating to his communication style and attitude at the workplace.  *Id.* ¶ 60.  On December 19, 2019, Relator was put on a Last Chance Agreement.  *Id.* ¶ 62; Exhibit A.  According to the complaint (*id.* ¶¶ 20, 76), Relator received notice of his termination on March 5, 2020 for violating the terms of the Last Chance Agreement. Exhibit B.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint.  To survive a motion to dismiss under Fed. R. Civ. P. 8(a) and 12(b)(6), the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Legal conclusions and conclusory allegations that merely recite the elements of a claim are not entitled to the presumption of truth afforded to well-pled facts.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).

Moreover, claims brought under the FCA are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).  *See, e.g.*, *United States ex rel. Benaissa v. Trinity Health*, 963 F.3d 733, 738-39 (8th Cir. 2020).  Accordingly, the allegations of fraud must be pled with

particularity in order to fulfill Rule 9(b)'s objective of "protecting the defendant from baseless claims." *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 918 (8th Cir. 2014).

To satisfy the particularity requirement of Rule 9(b), the complaint must plead particularized facts such as "the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). Put another way, the complaint must identify the "who, what, where, when, and how" of the alleged fraud. *See Thayer*, 765 F.3d at 917 (internal quotation marks and citation omitted). Because of the requirement to plead fraud with particularity, Eighth Circuit precedent holds that pleading facts upon information and belief is insufficient in an FCA case unless the allegations include a statement of facts on which the relator's belief is founded. *See United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*, 915 F.3d 1158 (8th Cir. 2019) (affirming dismissal of *qui tam* for failure to plead fraud with particularity because relator made key allegations on information and belief without statement of facts on which the belief was based).

Lastly, in considering a motion to dismiss and in reviewing the sufficiency of a complaint, the court may consider documents referenced in the complaint without converting the motion into one for summary judgment. *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003); *see also Zean v. Fairview Health Servs.*, 858 F.3d 520, 527 (8th Cir. 2017) (finding that documents which refute conclusory allegations in the complaint are "embraced by the pleadings" and therefore could be properly "considered by the Court"); *J&B Tankers, Inc. v. Navistar Int'l Corp.*,

539 F. Supp. 3d 955, 961 (E.D. Ark. 2021) (citing *Kushner* and considering letters between parties when ruling on motion to dismiss).

## ARGUMENT

## I.   COUNT I MUST BE DISMISSED FOR FAILURE TO SUFFICIENTLY PLEAD A CAUSE OF ACTION UNDER § 3729(A)(1)(A).

To establish a *prima facie* claim under 31 U.S.C. § 3729(a)(1)(A), a relator must allege four elements: (1) a claim for payment; (2) falsity; (3) knowledge; and (4) materiality. *Thayer v. Planned Parenthood of the Heartland, Inc.*, 11 F.4th 934, 938 (8th Cir. 2021). As described below, Relator has failed to adequately plead these four elements, which compels dismissal of Count One.

### A.   The Complaint Does Not Include Representative Examples of Claims for Payment; Nor Does It Allege Particular Details of a Scheme to Submit False Claims Paired with Reliable Indicia that Lead to a Strong Inference That Such Claims for Payment Were Actually Submitted to the Government.

Congress enacted the FCA to protect the public treasury, and so an actual claim for payment submitted to the government has long been considered the "*sine qua non*" of an FCA violation. *See, e.g.*, *United States ex rel. Clausen v. Lab'y Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002). That is because the FCA "attaches liability, not to the underlying fraudulent activity, but to the claim for payment." *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1070 (8th Cir. 2016) (internal quotation marks and citation omitted).

To satisfy the heightened pleading requirements of Rule 9(b), the Eighth Circuit provides two methods by which relators can plead the presentment of claims for payment, either by pleading: (1) representative examples of claims or (2) "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *See Thayer*, 765 F.3d at 917 (internal quotation marks and citation omitted). Here, Relator's complaint does not satisfy the first method of pleading claims because the complaint

lacks any representative examples of false claims—*e.g.*, there are no references to specific invoices that BEI submitted to the government or a higher-tier contractor.

The complaint also fails under the second method of pleading claims because the complaint lacks indicia of reliability that false claims for payment were actually submitted to the government. For example, Relator alleges that he was instructed to charge time to a "Harris CrlS contract" with room for the additional cost, rather than the contract on which the work was actually being performed. Compl. ¶ 55. But the complaint lacks key details that might help explain how charging time to this Harris CrlS contract could result in the submission of a false claim to the government. Was the Harris CrlS contract a government contract? Why does Relator believe it was improper to charge time to this contract? Does Relator know that the charged time was actually billed under the contract and presented to a government agency for payment?

In analyzing whether a complaint contains sufficient "indicia of reliability," the Eighth Circuit looks to whether the complaint includes any detail about the defendant's billing practices that would create a strong inference that claims for payment were submitted to the government. *Strubbe*, 915 F.3d at 1165 ("The complaint did not include any details about [defendant's] billing practices."). A relator's lack of personal knowledge about a defendant's billing system or the process for the submission of claims also cuts against a finding that the complaint satisfies Rule 9(b). *Id.* ("The relators here—paramedics and EMTs—did not have access to the billing department."); *Benaissa*, 963 F.3d at 740 ("As a trauma surgeon, Dr. Benaissa does not have firsthand knowledge of [defendant's] billing practices"); *Joshi*, 441 F.3d at 560 ("[T]he nature of Dr. Joshi's position with St. Luke's as an anesthesiologist, rather than as a member of St. Luke's billing or claims department, may not have made him privy to certain details relevant to his complaint and helpful to satisfying Rule 9(b).").

Here, like the relators in *Strubbe*, *Benaissa*, and *Joshi*, Relator's role as a reliability engineer meant that he has no personal knowledge about BEI's billing practices or the company's process for submitting claims for payment.  The complaint's "information and belief" allegation that each encoder costs in excess of $2 million dollars (Compl. ¶ 45) only underscores Relator's lack of visibility into the process by which the government or a higher-tier contractor may have been invoiced for encoders.  *See, e.g.*, *United States ex rel. Clemente v. Lead Teach Mentor LLC*, No. 16CV00875, 2018 WL 11342823, at *3 (E.D. Ark. Apr. 11, 2018) (allegations about presentment of false claims fell short of heightened pleading standard for fraud because relevant allegations were made largely on information and belief).

Compounding the problem regarding the complaint's lack of particularized facts is Relator's allegation that the relevant conduct may have occurred under subcontracts rather than under prime contracts that BEI entered into directly with federal agencies.  Compl. ¶ 23.  In this regard, Relator's allegations are similar to those that were put forward in *United States ex rel. Grant v. United Airlines Inc.*, where the employee of a subcontractor alleged that the defendant had falsely certified that engine repairs were complete.  912 F.3d 190, 198 (4th Cir. 2018).  Affirming dismissal, the Fourth Circuit found that while the complaint contained details about allegedly fraudulent repairs, the relator's lack of visibility into the billing structure meant that the complaint failed to provide the necessary "last link" that would allow a court to infer that the alleged scheme necessarily caused the presentment of a false claim to the government for payment.  *Id*. at 197-98 ("Without some explanation as to the billing and payment structure, it is possible the government was not billed for or did not pay for these repairs until they were remedied.").

In sum, because Relator can only speculate that claims for payment were submitted, Count One must be dismissed.

**B.      The Complaint Fails to Sufficiently Allege Falsity.**

Not only has Relator failed to allege that claims for payment were actually submitted to the government, but the complaint also fails to set forth particular details describing how the claims for payment were false.  Count One is based on the theory that BEI falsely certified that it had complied with contract specifications (Compl. ¶ 30).  The complaint alleges that BEI misrepresented to customers that it would produce "'space qualified' optical encoders to the ***specifications required***" (*id.* ¶ 64) (emphasis added), and Relator further alleges that BEI failed to deliver encoders that "had been built or tested to ensure they meet the ***specifications material*** to each contract's order" (*id.* ¶ 44) (emphasis added).  But conspicuously absent from the complaint are any details about the source of the alleged specifications from which Relator believes BEI deviated.

Indeed, the complaint alleges that "space qualified" is "an industry term of art that means the component had either actually been used successfully in space or had undergone rigorous conditions testing to ensure its suitability for space conditions."  *Id.* ¶ 2.  The complaint further alleges that the term "space qualified" when used in this context is:

> [A]n assertion that this optical encoder is either identical to a product that has either been launched or successfully used in space before or has undergone extensive material and configuration environmental testing to completely demonstrate that 1) survivability through launch environment and deployment without performance loss, 2) material compatibility in space to either not degrade or cause a threat to other systems, and 3) achieving full performance over the duration of a space mission (often in excess of ten years).

*Id.* ¶ 37.  The complaint does not cite any legal authority for this definition.  The definition of space qualified cited in the complaint can be found on the commercial website of a Colorado

company that sells heat straps,[1] but even if this definition were recognized as an industry standard it would not be sufficient to establish the FCA's falsity element unless it was incorporated in BEI's contracts.  *See, e.g.*, *United States ex rel. Patton v. Shaw Servs., L.L.C.*, 418 F. App'x 366, 370 (5th Cir. 2011) (affirming lower court's holding that deviation from industry standards was irrelevant if standards were not referenced or incorporated into defendant's contract).

Moreover, the complaint's reliance on "information and belief" allegations only underscores the fact that Relator cannot identify BEI's counterparties much less the specifics of what each contract required.  *See* Compl. ¶ 23 ("Upon information and belief, [BEI] had, during the statutory period, prime or subcontracts with the United States[.]"); *id.* ¶ 42 ("Upon information and belief, Defendant entered into contracts to produce so-called space-qualified Nanoseries encoders for NASA, the DOD and additional prime government contractors.").

This failure to identify the contract specifications with which BEI purportedly did not comply is fatal to the complaint.  *See United States ex rel. Ladas v. Exelis, Inc*., 824 F.3d 16, 27 (2d. Cir. 2016) (allegation that noncompliant equipment was delivered to the government failed because relator did not plead facts to show how the "devices delivered to the government failed to meet Contract specifications").  Relator's claims cannot be salvaged by his conclusory allegations of contractual noncompliance because an "FCA relator must clearly state the substance of the fraud that has been committed" and "merely descriptive or conclusory allegations about the [relevant] contracts [are] insufficient."  *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 206-07 (5th Cir. 2013); *see also United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551 (D.C. Cir. 2002) ("[T]he bare assertion that defendants delivered goods that did not conform to contractual specifications is not enough to state a violation of the FCA."); *United States ex rel.*

---

[1]  *See* commercial website for Thermal Space Ltd. at https://thermal-space.com/space-qualification-product-process/ (last accessed July 3, 2023).

*Mateski v. Raytheon Co.*, No. 06-cv-03614, 2017 WL 3326452, at *5 (C.D. Cal. Aug. 3, 2017) ("the lack of specificity as to exactly how Raytheon deviated from the contract documents significantly hinders the determination whether its claims for payment were false").

Here, the complaint fails to state a claim because Relator cannot identify the contracts at issue, much less plead details about the specific contract requirements that he believes BEI violated. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 564-65 (6th Cir. 2003) (failure to identify specific contracts requires dismissal).

### C.   The Complaint Fails to Adequately Allege Scienter.

The complaint also merits dismissal because Relator's allegations regarding BEI's knowledge are insufficient to state a violation of the FCA. A defendant acts "knowingly" when it has "actual knowledge" of the claim's falsity or when it "acts in deliberate ignorance" or "reckless disregard" of that falsity. 31 U.S.C. § 3729(b)(1)(A). While Rule 9(b) permits the required FCA element of scienter to be alleged "generally," the Supreme Court has instructed that this does not permit a plaintiff to evade Rule 8's prohibition against "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft*, 556 U.S. at 678. Moreover, within the context of the FCA, the Supreme Court has observed that the FCA's scienter requirement is "rigorous." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 192 (2016).

Here, Relator's allegations about BEI's knowledge are conclusory. For example, the complaint alleges that BEI "knowingly" presented false claims to the United States (Compl. ¶ 6), but the complaint does not set forth specific facts that support an inference that BEI had knowledge that it was violating a contract requirement and that it submitted claims anyway. Courts of appeals routinely affirm dismissals of FCA complaints for failing to sufficiently plead factual allegations that a defendant knowingly submitted false claims. *See, e.g., United States ex rel. Raynor v. Nat'l*

*Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 957 (8th Cir. 2012) ("Raynor's complaint made no factual allegations of knowing fraud."); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (complaint did not "set forth specific facts that support an inference of fraud") (internal quotation marks and citation omitted).

### D.   The Complaint Does Not Meet the FCA's Rigorous Materiality Standard.

Lastly, Count One must also be dismissed due to the Complaint's failure to plead materiality because an alleged falsehood must be material to the government's decision to pay a claim. *United States ex rel. Donegan v. Anesthesia Assocs. of Kan. City, P.C.*, 833 F.3d 874, 881 (8th Cir. 2016). The Supreme Court has emphasized the "rigorous" and "demanding" nature of the FCA's materiality standard. *Escobar*, 579 U.S. at 181, 192, 194. Materiality must be pled with both plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b), and to plead a viable cause of action, a relator must show that "the defendant knowingly violated a requirement that the defendant knows is material to the Government's payment decision." *Escobar*, 579 U.S. at 181 and 195, n.6.

The complaint does not plead facts that show that BEI violated legal requirements that were material to the government's payment of any claims. This is in part due to the complaint's other failures, namely the omission of any particular details as to the actual requirements of the contracts at issue. *United States v. Comstor Corp.*, 308 F. Supp. 3d 56, 87 (D.D.C. 2018) ("Without more than citations to the regulatory framework, the relator has failed to show that any alleged false claim was material to the government's decision to pay."). Here, the complaint merely includes conclusory assertions that BEI made "material representations" (Compl. ¶ 2) and the "representation that the encoders were space qualified at various dimensions was a material condition of the government entering these agreements, as no agency would agree to purchase encoders intended for space that are not actually space qualified." *Id.* ¶ 46.

11

These allegations are insufficient as a matter of law because the complaint fails to set forth that supplying "space qualified" encoders was a contract requirement, much less one that was material to the government's payment decision. *See United States ex rel. Holt v. Medicare Medicaid Advisors*, *Inc.*, No. 18-CV-860, 2022 WL 3587358, at *8 (W.D. Mo. Aug. 22, 2022) (dismissing relator's claims with prejudice because materiality was not pled with particularity and noting "[p]ost-*Escobar* several courts have rejected as insufficient general statements that 'but for' a defendant's fraud, the government would not have made a payment") (citing *United States ex rel. Watt v. VirtuOx, Inc.*, No. 19-CV-61084, 2021 WL 3883944, at *6 (S.D. Fla. Aug. 31, 2021); *United States ex rel. Lampkin v. Pioneer Educ.*, No. 16-CV-1817, 2020 WL 4382275, at 4–5 (D.N.J. July 31, 2020)).  The complaint's total failure to plead facts supporting an inference of materiality dooms the relator's claims.

## II. THE § 3729(A)(1)(B) CAUSE OF ACTION (COUNT II) SIMILARLY FAILS TO SATISFY THE PLEADING REQUIREMENTS OF RULES 8(A) AND 9(B).

To establish a *prima facie* claim under 31 U.S.C. § 3729(a)(1)(B), a relator must allege that (1) the defendant made a false record or statement; (2) the defendant knew the statement was false; (3) the statement was material; and (4) the statement made a claim for the government to pay money or forfeit money due. *See United States ex rel. Miller v. Weston Educ., Inc.*, 840 F.3d 494, 500 (8th Cir. 2016).

The Eighth Circuit has found that in order to properly plead a cause of action under §3729(a)(1)(B), the complaint must plead a connection between the alleged false records or statements and an actual claim made to the government. *Strubbe*, 915 F.3d at 1166.  Here, because the complaint fails to plead a false or fraudulent claim (*see supra* § I), BEI could not have made or used a false record or statement material to such a claim. *See Benaissa*, 963 F.3d at 741-42

(holding that a plaintiff could not establish that allegedly false statements were material to any claim because plaintiff failed to allege submission of a claim with particularity).

In short, Count Two must be dismissed because the complaint fails to make any particularized allegations of an actual false claim for payment, and so the complaint also fails to allege that any false statements or records were used in connection with a false claim.

## III.   COUNT III MUST BE DISMISSED PURSUANT TO RULES 8(A) AND 12(B)(6).

The FCA retaliation claim (Count III) should be dismissed pursuant to Rules 8(a) and 12(b)(6) because the complaint fails to allege that BEI was on notice of any FCA-protected activity nor does it allege that BEI's termination of Relator was motivated solely by his purported protected activity.

To state an actionable FCA retaliation claim under § 3730(h), a plaintiff must sufficiently plead four elements: "(1) the plaintiff was engaged in conduct protected by the FCA; (2) the plaintiff's employer knew that the plaintiff engaged in the protected activity; (3) the employer retaliated against the plaintiff; and (4) the retaliation was motivated solely by the plaintiff's protected activity." *Schuhardt v. Wash. Univ.*, 390 F.3d 563, 566 (8th Cir. 2004).

### A.    The Complaint Fails to Allege Facts Establishing that BEI was on Notice that Relator was Engaged in Protected Activity, as Opposed to Simply Performing his Ordinary Job Responsibilities as a Reliability Engineer.

Count Three should be dismissed because the complaint fails to allege facts that BEI was on notice that Relator was engaged in protected activity. According to the complaint, Relator's work as a reliability engineer "centered on quality and contract assurance," which meant that Relator made sure that products were "test[ed] the way that they were supposed to," "produced the way they were supposed to," and "met the parameters of the production contract." Compl. ¶ 32.

Given this job description, Relator has an elevated burden to plead sufficient facts to establish that he put BEI on notice that he was engaged in protected activity—as opposed to just

doing his job as a reliability engineer—when he allegedly informed his supervisor that specific encoders had not been tested (*id.* ¶ 44) or when he expressed worries about BEI's purported failure to properly test the encoders and the subsequent failure to inform the government contract holder of issues with production. *Id.* ¶ 57. *See, e.g.*, *Tener v. Mercy Health Servs.-Iowa, Corp.*, No. 22-CV-4025, 2022 WL 2972219, at *3 (N.D. Iowa July 27, 2022) (concerns about surgical procedures billed to Medicare that were raised by manager in cardiology department were insufficient to put medical center on notice that manager was acting beyond the responsibilities and obligations of her position and occupation); *United States ex rel. Reed v. KeyPoint Gov't Sols*., 923 F.3d 729, 767 (10th Cir. 2019) (finding that quality control analyst failed to allege facts that would put employer on notice that she was trying to stop it from violating the FCA and not merely doing her job).

Here, Count Three should be dismissed because Relator has failed to plead facts that BEI knew that Relator was engaged in protected activity as opposed to simply doing his job as a reliability engineer by warning the company about the purported problems with encoder testing.

**B.      The Complaint Does Not Allege that Relator's Protected Activity was the Sole Cause of His Termination.**

Count Three must also be dismissed because the allegations in the complaint fail to satisfy the fourth element of an FCA retaliation claim—*i.e.*, that Relator's termination was "solely" the result of his protected activity under the FCA.  On the contrary, the allegations of the complaint include alternative non-retaliatory reasons for Relator's termination.  Compl. ¶ 60 (describing "negative performance reviews relating to his communication style and attitude at the workplace").  The December 19, 2019 Last Chance Agreement, which is incorporated by reference in the complaint (*id*. ¶ 62), included four paragraphs setting forth the conditions for Relator's continued employment at BEI:

1. Steven Stepanishen agrees, as a condition of his continued employment, to refrain from any disruptive behavior and act in a professional manner at all times.

2. Steven Stepanishen agrees, as a condition of his continued employment, to follow direction from Program Management on all customer interactions.

3. Steven Stepanishen agrees, as a condition of his continued employment, to abide by all company rules and regulations.

4. Steven Stepanishen agrees, as a condition of his continued employment, to keep personal issues from affecting the workplace and his productivity.

Exhibit A.  The Last Chance Agreement also stated that "any violation of paragraph one, two, three or four is grounds for immediate termination."  *Id.*  As alleged in the complaint, Relator was terminated on March 5, 2020 for a violation of the Last Chance Agreement.  Compl. ¶¶ 20, 76; Exhibit B.  Accordingly, Count Three should be dismissed because Relator has not alleged that the adverse action was motivated solely by his protected activity because he has pled competing reasons (*e.g.*, disruptive behavior and failure to follow directions) for his termination.

## CONCLUSION

For the foregoing reasons, BEI respectfully requests that the complaint be dismissed under Rule 12(b)(6) for failure to meet the pleading standards of 8(a) and 9(b).

15

Dated: July 3, 2023

John E. Tull III (84150)
E. B. Chiles IV (96179)
E. Jonathan Mader (2020180)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 Telephone
(501) 379-1701 Facsimile

Jason M. Crawford (*pro hac vice*)
William M. Tucker (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Phone: (202) 624-2500
Email: jcrawford@crowell.com
Email: wtucker@crowell.com

*Attorneys for BEI Precision Systems & Space
Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July, 2023, I electronically filed the foregoing using the Court's NextGen CM/ECF system, which caused service on all counsel of record. Additionally, the foregoing was served on counsel for the United States by electronic mail at the following:

Shannon S. Smith
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203
shannon.smith@usdoj.gov

*/s/* John E. Tull III
John E. Tull III

17