# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Stephen Stepanishen, and STEPHEN STEPANISHEN, individually,<br><br>                Plaintiffs,<br><br>      v.<br><br>BEI PRECISION SYSTEMS & SPACE COMPANY, INC.,<br><br>                Defendant. | Civil Action No.<br>4:20-cv-414-BRW |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANT BEI PRECISION SYSTEMS & SPACE COMPANY, INC.'S
## MOTION TO DISMISS RELATOR'S COMPLAINT

In the opposition, Relator clarifies that he is pursuing his substantive False Claims Act (FCA) causes of action under a fraudulent inducement theory of liability, but this clarification does not address how the complaint pleads with particularity and plausibility all of the prima facie elements of the substantive counts (Counts I and II). As such, the arguments that BEI made in its motion to dismiss (ECF 29) remain applicable, and this reply addresses the additional reasons why the complaint fails to meet the pleading requirements for stating a claim under the fraudulent inducement theory of liability.[1]

## ARGUMENT

**I. COUNTS ONE AND TWO MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER A FRAUDULENT INDUCEMENT THEORY.**

Bringing an FCA cause of action under the fraudulent inducement theory does not lessen a relator's burden at the pleading stage because a complaint brought under this theory must still allege facts to satisfy the statute's four baseline elements: (1) a claim for payment; (2) falsity; (3) knowledge; and (4) materiality. *United States ex rel. Miller v. Weston Educ., Inc.*, 840 F.3d 494, 500 (8th Cir. 2016). As set forth in BEI's opening brief, the complaint fails to plead these elements with the requisite particularity and plausibility. ECF 29 at 5-13.

Indeed, proceeding under a fraudulent inducement theory actually raises the bar in terms of the amount of detail that must be alleged in a complaint because the theory includes a built-in causation requirement that must be pled in addition to the four baseline elements. *See, e.g.*, *In re Baycol Prods. Litig.*, 732 F.3d 869, 873 (8th Cir. 2013) (finding that complaint pled inducement element because relator alleged that Bayer's withholding of information caused DoD to enter into contract); *D'Agostino v. ev3, Inc.*, 845 F.3d 1, 8 (1st Cir. 2016) (finding that fraudulent inducement

---

[1] To avoid rehashing reasons for dismissal, this reply does not address the deficiencies of Count III, and BEI rests on the arguments in its opening brief. ECF 29 at 13-15.

theory requires relator to allege that the representation caused the government to enter contract or make payments).  In other words, to bring a claim under the fraudulent inducement theory, a complaint must allege that subsequent events would not have occurred but-for the defendant's initial falsehood.  As set forth below, the complaint's failure to plead the causation element provides further grounds for dismissal.

The opposition also argues that the complaint satisfies the purposes of Rule 9(b) because the heightened standard is intended to allow a defendant to "respond specifically and quickly to the potentially damaging allegations."  Opp. at 2-3 (ECF 34).  While this is one of the recognized purposes of Rule 9(b), it is not the only purpose, and the Eighth Circuit has acknowledged that the heightened pleading requirements also serve the purpose of "protecting the defendant from baseless claims." *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 918 (8th Cir. 2014).  For the reasons articulated in BEI's opening brief, and for the additional reasons set forth below, the Court should dismiss Relator's baseless claims.

> **A.** **The Complaint Fails to Identify Any Statutory, Regulatory, or Contractual Requirement with which BEI Misrepresented Compliance in Order to Induce the Government to Enter into Contracts.**

At the heart of relator's cause of action is the allegation that BEI misrepresented the "space-tested quality" of its new optical encoder series and that this misrepresentation induced the government to enter into contracts with BEI.  ECF 34 at 4.  However, this linchpin allegation is untethered from any underlying legal hook that BEI was actually required to produce space-qualified encoders.  In the opposition, Relator concedes that he cannot name the "specific contract or contract number" for the encoders (ECF 34 at 5), and even more telling, is the opposition's failure to respond to BEI's argument (ECF 29 at 8-10) that the complaint does not identify the source of any legal requirement that BEI was required to produce "space qualified" products.

Moreover, the opposition does not dispute that the definition of "space qualified" as used in the Complaint (¶ 37) is derived from a private company's website, and the opposition goes on to argue that "[c]ommon logic and Relator's own personal knowledge of this industry" (ECF 34 at 5) support the allegation that the encoders being "space qualified" was a requirement for entering into the contracts. But absent citation to an authoritative legal requirement, the complaint's reference to another company's website and Relator's personal opinion are far too thin a reed to establish that BEI misrepresented compliance in order to induce the government to enter into contracts.

### B.     The Complaint Fails to Allege a Material Misrepresentation of Compliance.

The Supreme Court has held that to be actionable under the FCA, a "misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 181 (2016). To be material, a falsehood must be "sufficiently important to influence the behavior of the recipient." *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 211 (1st Cir. 2016); *see also* 31 U.S.C. § 3729(b)(4) (defining "material" as "having a natural tendency to influence, or be capable of influencing").

Here, the opposition posits that BEI made a "material misrepresentation" about the space qualification of its encoders. ECF 34 at 4. But not only does the complaint fail to identify any legal requirement that BEI was supposed to produce "space qualified" encoders, the complaint also fails to set forth any facts to show that such a misrepresentation would be material—*i.e.*, that the misrepresentation would influence the government's decision to enter into contracts. The materiality standard is both "rigorous" and "demanding" (*Escobar*, 579 U.S. at 191-95, 195 n.6), and relator's allegations fall short of this high standard because the complaint lacks particularized

3

details to explain how the space-tested quality of encoders in any way influenced the government's decision to enter into contracts with BEI.

        C.        **The Complaint Fails to Allege Causation.**

The opposition cites *In re Baycol* and *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943) for the proposition that fraud in the inducement is a recognized theory of FCA liability. ECF 34 at 3. But these references only bring into focus the shortcomings of the complaint because these decisions make clear that there is a built-in causation element in cases brought under the fraudulent inducement theory of liability. *See, e.g.*, *Hess*, 317 U.S. at 543 (recognizing the fraudulent inducement theory of liability where contractor's collusion "*caused* the government to pay claims" under a contract that was the result of the collusion) (emphasis added); *see also United States ex rel. Cimino v. Int'l Bus. Machines Corp.*, 3 F.4th 412, 418-19 (D.C. Cir. 2021) ("Consistent with the common law and the Supreme Court's interpretation of the FCA, causation is a necessary element of fraudulent inducement."). Here, the complaint has not pled particular or plausible facts to support the causation requirement.

Instead, in the opposition, Relator focuses on the "specific timeline" set forth in the complaint—*i.e.*, that the government entered into contracts with BEI "after" the company purportedly made material misrepresentations as to the space-tested quality of a its new optical encoder series. ECF 34 at 4. But this sort of temporal connection, without more, is insufficient to plead causation. *See, e.g.*, *United States ex rel. Main v. Oakland City Univ.*, 426 F.3d 914, 916 (7th Cir. 2005) ("The statute requires a causal rather than a temporal connection between fraud and payment."); *see also Cimino*, 3 F.4th at 420 (concluding that in a fraudulent inducement claim the relator "was required to plead actual causation under a but-for standard."); *United States ex rel. Marsteller v. Tilton*, 556 F. Supp. 3d 1291, 1302 (N.D. Ala. 2021) ("[R]elators must show that a false statement, omission, or misrepresentation 'caused' or 'induced' the government to enter

into a contract, such that but for the misrepresentations, the government would not have awarded the contract and would not have paid the claim.") (citation and internal quotation marks omitted); *United States ex rel. Markus v. Aerojet Rocketdyne Holdings, Inc.*, No. 2:15-cv-02245 WBS AC, 2022 WL 297093, at *7 (E.D. Cal. Feb. 1, 2022) ("The relator must show actual, but-for causation, meaning defendant's fraud caused the government to contract."). Here, Relator has failed to plead the causation element because the complaint is devoid of allegations that the government would not have entered into contracts with BEI but-for the purported misrepresentation as to the space-tested quality of the optical encoder series.‼

## II.   COUNTS ONE AND TWO SHOULD BE DISMISSED WITH PREJUDICE.

Although leave to amend a complaint should be granted freely "when justice so requires[,]" not all complaints meet that bar. *See, e.g.*, *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2006) (denying leave to amend complaint where proposed amendments did "not eliminate the complaint's deficiencies."). Leave to amend may be denied when amendment of the complaint would be futile. *See id.* (citing *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001)). Here, amendment of the complaint to address the deficiencies of Counts One and Two would be futile.

Relator alleges that BEI engaged in a practice of fraudulently inducing the government to award contracts. The Eighth Circuit has held that, in such circumstances, the complaint must provide at least some representative examples of "what was obtained as a result" of the false representations. *See, e.g.*, *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). Here, the complaint lacks representative examples of <u>any</u> fraudulently induced contracts, and Relator's allegations regarding the awarding of contracts and the requirements of those contracts are based largely upon "information and belief," which cannot serve as the basis

of an FCA claim unless the complaint includes specific facts on which the belief is based. *See* ECF 29 at 7, 9.

Relator's opposition only underscores that he will not be able to cure the critical lack of detail in the complaint. The opposition admits that Relator "cannot name the specific contract or contract number" and the opposition concedes that Relator does not know that information. ECF 34 at 5. Because Relator lacks personal knowledge of any material statutory, regulatory, or contractual requirement with which BEI allegedly misrepresented compliance—and without the ability to identify representative examples of contracts that were obtained as a result of these purported misrepresentations—Relator's amendment of the complaint would be futile and Counts One and Two should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, BEI respectfully requests that the complaint be dismissed under Rule 12(b)(6) for failure to meet the pleading standards of 8(a) and 9(b).

Dated: August 17, 2023

John E. Tull III (84150)
E. B. Chiles IV (96179)
QUATTEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 Telephone
(501) 379-1701 Facsimile
jtull@qgtlaw.com
cchiles@qgtlaw.com

Jason M. Crawford (*pro hac vice*)
William M. Tucker (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 624-2500 Telephone
jcrawford@crowell.com
wtucker@crowell.com

*Attorneys for BEI Precision Systems & Space Company, Inc.*