IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA *ex rel.* Steven Stepanishen,
and STEVEN STEPANISHEN, individually,　　　　　　　　PLAINTIFFS

v.　　　　　　　　Case No. 4:20-cv-414-BRW

BEI PRECISION SYSTEMS & SPACE COMPANY, INC.,　　　　DEFENDANT

## **ANSWER**

Defendant BEI Precision Systems & Space Company, Inc. ("BEI"), for its answer and affirmative defenses in response to Plaintiff-Relator Steven Stepanishen's ("Stepanishen" or "Plaintiff") Complaint, hereby states:

1. Defendant admits that it employed Plaintiff as a reliability engineer. All other allegations of paragraph 1 are denied.

2. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, paragraph 2 references advertisements circulated by Defendant. Defendant defers to the advertisements as to their contents and denies any allegations that are not consistent with the advertisements.

3. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 3 are denied.

4. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 4 are denied.

5. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 5 are denied.

6. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 6 are denied.

7. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 7 are conclusions of law to which no response is required.

8. Defendant admits that it terminated Plaintiff's employment. All other allegations in paragraph 8 are denied.

9. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 9 are conclusions of law to which no response is required.

10. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 10 are conclusions of law to which no response is required or for which Defendant lacks sufficient information to answer.

11. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 11 are conclusions of law to which no response is required.

12. Defendant admits that it transacts business in this District.

13. All allegations of paragraph 13 are conclusions of law to which no response is required.

14. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 14 are denied.

15. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 15 are denied.

16. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant insofar as they reach beyond Plaintiff's § 3730(h) claim. Notwithstanding the dismissal, all allegations of paragraph 16 are denied.

17. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 17 are denied.

18. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 18 are denied.

19. Defendant admits that Plaintiff resided in Pulaski County during certain relevant periods of time, but lacks sufficient information to confirm that Plaintiff has resided in Pulaski County at all relevant times.

20. Defendant admits that it employed Plaintiff as a reliability engineer for some period of time from 1998 until March 5, 2020, in addition to employing him in other roles. Defendant denies that Plaintiff was in charge of quality and mission assurance from 1998 until March 5, 2020.

21. Admitted.

22. Admitted.

23. Admitted.

24. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, paragraph 24 references statutory text. Defendant defers to the statute as to its contents and denies any allegations that are not consistent with the statute.

25. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, paragraph 25 references statutory text. Defendant defers to the statute as to its contents and denies any allegations that are not consistent with the statute.

26. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, paragraph 26 references statutory text. Defendant defers to the statute as to its contents and denies any allegations that are not consistent with the statute.

27. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, paragraph 27 references statutory text. Defendant defers to the statute as to its contents and denies any allegations that are not consistent with the statute.

28. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, paragraph 28 references statutory text. Defendant defers to the statute as to its contents and denies any allegations that are not consistent with the statute.

29. Paragraph 29 references statutory text. Defendant defers to the statute as to its contents and denies any allegations that are not consistent with the statute.

30. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, paragraph 30 references regulatory text and judicial opinions. Defendant defers to those materials as to their contents and denies any allegations that are not consistent with them.

31. Defendant admits that it employed Plaintiff as a reliability engineer for some period of time from 1998 until March 5, 2020, in addition to employing him in other roles.

32. Defendant admits that for some portion of the relevant time period Plaintiff's work centered on quality and contract assurance.

33. Defendant admits that Plaintiff had some knowledge of optical encoder production and other production activities, but otherwise the allegations of paragraph 33 are denied.

34. Admitted.

35. Defendant admits that it designed proprietary optical encoders and that it advertised those encoders in 2019.

36. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, paragraph 36 appears to reference advertisements circulated by Defendant. Defendant defers to the advertisements' text as to their contents and denies any allegations that are not consistent with the advertisements.

37. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 37 are denied.

38. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 38 are denied.

39. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 39 are denied.

40. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 40 are denied.

41. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 41 are denied.

42. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 42 are denied.

43. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 43 are denied.

44. Defendant lacks knowledge regarding the substance of specific communications that Plaintiff may have had with the three listed former employees. Defendant admits that in his role as a reliability engineer Plaintiff would have likely communicated with these individuals regarding quality and contract assurance. Defendant otherwise denies the allegations of paragraph 44.

45. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 45 are denied.

46. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 46 are denied.

47. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 47 are denied.

48. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 48 are denied.

49. Defendant admits that in his role as reliability engineer Plaintiff analyzed prism lens platings, but otherwise denies the allegations of paragraph 49.

50. Defendant admits that in his role as reliability engineer Plaintiff analyzed LEDs, but otherwise denies the allegations of paragraph 50.

51. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 51 are denied.

52. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 52 are denied.

53. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 53 are denied.

54. Defendant acknowledges that in his role as a reliability engineer, Plaintiff would have received direction from supervisors regarding where he should charge his time. Defendant otherwise denies the allegations of paragraph 54.

55. Defendant acknowledges that in his role as a reliability engineer, Plaintiff would have received direction from supervisors regarding where he should charge his time. Defendant otherwise denies the allegations of paragraph 55.

56. Defendant lacks knowledge regarding the substance of specific communications that Plaintiff may have had with former employees. Defendant admits that Plaintiff may have had conversations regarding his responsibilities as reliability engineer with his colleagues, but otherwise denies the allegations of paragraph 56.

57. Defendant lacks knowledge regarding the substance of specific communications that Plaintiff may have had with former employees. Defendant admits that Plaintiff may have had conversations regarding his responsibilities as reliability engineer with his colleagues, but otherwise denies the allegations of paragraph 57.

58. Defendant lacks knowledge regarding the substance of specific communications that Plaintiff may have had with former employees. Defendant admits that Plaintiff may have had conversations regarding his responsibilities as reliability engineer with his colleagues, but otherwise denies the allegations of paragraph 58.

59. Defendant lacks knowledge regarding the substance of specific communications that Plaintiff may have had with former employees. Defendant admits that Plaintiff may have had

conversations regarding his responsibilities as reliability engineer with his colleagues, but otherwise denies the allegations of paragraph 59.

60. Defendant admits that Plaintiff received negative performance reviews relating to his communication style and attitude at the workplace, and otherwise denies the allegations in paragraph 60.

61. Denied.

62. Defendant admits that Plaintiff was put on a Last Chance Agreement in December 2019, and otherwise denies the allegations in paragraph 62.

63. Defendant admits that Plaintiff was terminated in March 2020, and otherwise denies the allegations in paragraph 63.

64. This Count has been dismissed and therefore requires no response. Defendant adopts by reference the answers to paragraphs 1 through 63 as if set forth herein.

65. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 65 are denied.

66. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 66 are denied.

67. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 67 are denied.

68. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 68 are denied.

69. This Count has been dismissed and therefore requires no response. Defendant adopts by reference the answers to paragraphs 1 through 63 as if set forth herein.

70. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 70 are denied.

71. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 71 are denied. Insofar as paragraph 71 references statutory text, Defendant defers to the statute as to its contents and denies any allegations that are not consistent with the statute.

72. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 72 are denied.

73. All FCA allegations of fraud have been dismissed. Therefore, the allegations of this paragraph are irrelevant. Notwithstanding the dismissal, all allegations of paragraph 73 are denied.

74. Defendant adopts by reference the answers to paragraphs 1 through 63 as if set forth herein.

75. Denied.

76. Defendant admits that it placed Plaintiff on a Last Chance Agreement and subsequently terminated him. Otherwise, the allegations of paragraph 76 are denied.

77. Denied.

78. Denied.

79. Defendant is not required to admit or deny a prayer for relief. To the extent an answer is required, Defendant denies that Plaintiff is entitled to the relief he seeks in paragraphs A-E. Defendant further states in response to paragraphs 64-78 that all FCA allegations of fraud pursuant to 31 U.S.C. § 3729(a)(l)(A)-(C) and 31 U.S.C. § 3729(a)(l)(G) have been dismissed.

80. Pursuant to the Federal Rule of Civil Procedure 38, Defendant demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial.

81. Defendant denies each and every allegation in the Complaint not specifically admitted in this answer.

82. Plaintiff's claim for relief is barred because there is no evidence that Plaintiff was engaged in protected activity. Plaintiff's purported "protected activity" fits squarely within the scope of his ordinary duties as reliability engineer.

83. Plaintiff's claim for relief is barred because Plaintiff and its representatives at all times acted in good faith, and in the belief that Plaintiff's termination was lawful, proper, and justified.

84. Defendant's actions with respect to Plaintiff were based upon legitimate, nondiscriminatory, non-retaliatory factors unrelated to any unlawful purpose or bias. Even assuming that impermissible factors were considered, the same decision with respect to Plaintiff would have been made even in the absence of such consideration.

85. Plaintiff's claim for relief is barred because even if Plaintiff carries his burden to show that his conduct was protected and that such conduct was a substantial or motivating factor

in his termination, he cannot show that Defendant would not have reached the same decision if not for his alleged protected conduct.

86. Plaintiff's complaint fails, in whole or in part, because the claims contained therein are barred and/or the damages sought are limited by after-acquired evidence of wrongdoing by Plaintiff.

87. Plaintiff's claims are barred under principles of equity, including without limitation, waiver, laches, prosecution laches, and unclean hands.

88. Plaintiff's claims are barred in whole or part by the applicable statute of limitations.

89. Plaintiff has failed to mitigate his damages.

90. This action or any relief sought by Plaintiff is barred, in whole or in part, because Defendant may have additional defenses that cannot now be articulated due to the fact that discovery has not yet been completed. Accordingly, Defendant reserves the right to amend or supplement the foregoing, raise additional defenses as may appear as the case progresses, and assert counterclaims that may become known during the course of discovery or otherwise.

WHEREFORE, BEI Precision Systems & Space Company, Inc. prays that Plaintiff's complaint be dismissed, for its costs and expenses, and for all other relief to which it is entitled.

Dated: October 6, 2023

John E. Tull III (84150)
E. B. Chiles IV (96179)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 Telephone
(501) 379-1701 Facsimile
jtull@qgtlaw.com
cchiles@qgtlaw.com

>Jason M. Crawford (*pro hac vice*)
>William M. Tucker (*pro hac vice*)
>CROWELL & MORING LLP
>1001 Pennsylvania Avenue, N.W.
>Washington, DC 20004
>(202) 624-2500 Telephone
>jcrawford@crowell.com
>wtucker@crowell.com
>
>*Attorneys for BEI Precision Systems & Space Company, Inc.*