FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Mar 07, 2024
Tammy H. Downs, Clerk
By: Melanie Beard D.C.
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　PLAINTIFFS
*ex rel.* STEVEN STEPANISHEN, and
STEVEN STEPANISHEN, Individually

V.　　　　　　　　　　　　NO. 4:20-cv-414-BRW

BEI PRECISION SYSTEMS & SPACE
COMPANY, INC.　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

　　　　1.　　It is agreed that material requested by any of the parties, which they deem confidential, shall be deemed confidential and disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

　　　　　　a.　　Counsel for plaintiff and counsel for defendants and their staff to the extent reasonably necessary to render professional services in the litigation;

　　　　　　b.　　The parties to the litigation and their experts;

3066516-v1

    c.      The Court and its staff;

    d.      Any other individuals agreed by the parties in writing, so long as those individuals agree in writing to be bound by this Protective Order; and

    e.      Any other individuals included by order of the Court.

Materials that may be designated confidential under this Protective Order include any trade secret or any other confidential commercial information, including written documents or policies of BEI which include trade secrets or confidential commercial information; and materials the privacy or confidentiality of which are protected by law, including medical records, employment records or information, and trade secrets. Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

    2.      The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

    3.      A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made by letter

sent by facsimile or electronic mail to opposing counsel within twenty-one (21) business days after receipt of the transcript. Any confidentiality designation asserted on the record during a deposition must be confirmed in writing within this same time period, providing the specific pages of the transcript that are designated as "CONFIDENTIAL." The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the twenty-first (21st) business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the twenty-first (21st) business day after receipt of the transcript are excluded from the protections of this Protective Order.

4. A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL." The party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to

the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

5. Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at any Court hearing or trial. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

6. Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise. The parties are authorized, by this Protective Order, to file under seal any and all material designated as "CONFIDENTIAL" or reasonably believed to be confidential under this Protective Order. The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

7. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

8. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

9. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

10. If so requested by the disclosing party within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc, or in any type of electronic format shall be destroyed or returned to the party that produced the documents. Unless the disclosing party makes a timely written request either by U.S. Mail or by E-Mail within sixty (60) days of the conclusion of this action for return and/or destruction of documents marked "CONFIDENTIAL" and identifies the Bates numbers of the requested documents, the duty to return or destroy the documents terminates.

11.     Notwithstanding the preceding paragraph, counsel for plaintiff and counsel for defendants may retain one copy of all confidential information exchanged in this case for their client file. All copies of confidential information kept by either party after the conclusion of all aspects of the litigation of this case remain subject to the confidentiality provisions this Protective Order.

IT IS SO ORDERED on this  7th  day of   March  , 2024.

                                                    BILLY ROY WILSON
                                                    UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM:**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040
By: Josh Sanford
    Ark. Bar No. 2014171
    *josh@sanfordlawfirm.com*

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR  72201-3699
(501) 371-0808
Fax: (501) 376-9442
Email: ryoung@wlj.com
By: Regina A. Young (#96161)