IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFFS
*ex rel.* STEVEN STEPANISHEN, and
STEVEN STEPANISHEN, Individually

v.                                        NO. 4:20-cv-414-BRW

BEI PRECISION SYSTEMS & SPACE
COMPANY, INC.                                                                          DEFENDANT

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant BEI Precision Systems & Space Company, Inc. ("BEI") moves for summary judgment under Fed. R. Civ. P. 56 because plaintiff Steven Stepanishen cannot show genuine issues of material fact on his remaining claim in this action:

1. After Stepanishen repeatedly behaved improperly and unprofessionally toward his colleagues and the company's customers and ignored requests from his supervisor to improve his behavior, BEI presented Stepanishen with a "Last Chance Agreement" that made clear that continued improper, unprofessional behavior would cause the loss of his job.

2. Stepanishen ignored that clear warning and became disruptive and unprofessional in a meeting with his colleagues. BEI terminated Stepanishen the day after that meeting for violating the Last Chance Agreement.

3. Stepanishen claims that his termination violated the False Claims Act's ("FCA") anti-retaliation provision, an allegation that he bases on issues about optical encoders that he raised in the course of his work as a reliability engineer.

4. That claim fails because Stepanishen cannot prove a prima facie case of retaliation under the FCA as required by the *McDonnell Douglas* analysis. He cannot prove a prima facie case because he cannot show that raising issues as part of his job as a reliability engineer was protected conduct. Nor can he prove that BEI knew that he engaged in protected conduct. And in the face of evidence that he was terminated because of his workplace behavior and his own claims that the termination was attributable to disability discrimination, Stepanishen cannot prove that his retaliation was motivated solely by any protected conduct.

5. Stepanishen's claim also fails at the next step of the *McDonnell Douglas* analysis because BEI had a legitimate reason to terminate his employment, and Stepanishen cannot prove that BEI's reason was pretextual.

6. Because no genuine issues of material fact remain on Stepanishen's FCA retaliation claim, BEI is entitled to summary judgment.

7. BEI supports this motion with a contemporaneously filed brief and the following exhibits:

    a. Exhibit 1, Excerpts from the Deposition of Stepanishen; and

    b. Exhibit 2, Declaration of Steven Parker.

WHEREFORE, defendant BEI Precision Systems & Space Company, Inc. requests that the Court grant this motion for summary judgment, along with all other proper relief.

        Regina A. Young (96161)
        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        ryoung@wlj.com

        *Attorneys for Defendant*