IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Steven Stepanishen, and STEVEN STEPANISHEN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>BEI PRECISION SYSTEMS & SPACE COMPANY, INC.,<br><br>Defendant. | Civil Action No.<br>4:20-cv-414-BRW |

### DECLARATION OF WILF SCHULTHEIS

I, Wilf Schultheis, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Wilf Schultheis, and I am over the age of 18 and duly qualified to execute this declaration.

2. I am a resident and domiciliary of the State of Arkansas.

3. At the time of Steven Stepanishen's ("Stepanishen") termination, I was employed by BEI Precision Systems & Space Company, Inc. ("Defendant"), as the Vice President of Operations.

4. In my position as Vice President of Operations at BEI, I worked closely with Stepanishen in his role as a reliability engineer and later as manager of the Reliability Engineering department. He handled a multitude of tasks, including conducting failure analyses, performing reliability assessments, reviewing design

Page 1 of 3
*U.S.A. ex rel Stepanishen v. BEI Precision Systems & Space Co., Inc.*
*U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-414-BRW*
**Declaration of Wilf Schultheis**

Doc ID: 27687e22cbdbdf21951957c70eaf7cad15df9711

documentation and procedures, ensuring that parts conformed to contract specifications, and determining whether parts needed additional testing. He also audited new vendors and performed source inspections at vendors' facilities and outside test labs, and he ran the prohibited materials testing program, the counterfeit parts prevention program, and the Electrostatic Discharge program. To sum up, Stepanishen was tasked with a large amount of work and responsibilities but as far as I knew, he always got his work done and did it well.

5.  On March 4, 2020, I attended a daily status meeting that included Stepanishen. This was an informal, recurring daily meeting. Attendees typically included program managers, manufacturing engineers, and employees from materials, purchasing, quality assurance, and reliability engineering. The purpose of the meetings was to communicate the status of each of the departments on a program to ensure all departments had the information they needed so we could work more efficiently.

6.  The meeting on March 4 was not extraordinary, for the most part, and each department gave updates as usual. Near the end of the meeting, I did admonish Stepanishen for bringing up issues he was having with his supervisor and about receiving a bad appraisal, noting at the time it was not the place to discuss these problems.

7.  The next day, Steven Parker contacted me and thanked me for standing up for him in the March 4 meeting, and then said Lori Edwards would be contacting me to get details. Edwards, a Human Resources representative, contacted me later and requested that I email her a note on what happened at the meeting regarding Stepanishen. I noted in the email that Stepanishen had raised some concerns about his

Page 2 of 3
*U.S.A. ex rel Stepanishen v. BEI Precision Systems & Space Co., Inc.*
*U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-414-BRW*
**Declaration of Wilf Schultheis**

Doc ID: 27687e22cbdbdf21951957c70eaf7cad15df9711

boss (Steven Parker) being unhappy with him and that he had received a bad appraisal. I admonished Stepanishen at that time, telling him this meeting was not the place to bring up problems with his boss. I replied to Edwards's email around 11:00 am. The email is filed as Exhibit C to the Declaration of Steven Parker, ECF No. 47-2. I intended the email to be simply a statement of facts.

8. Edwards approached me about the meeting, and I simply replied with a recitation of what occurred. I did not report his behavior as being unprofessional. I did state in the meeting that this was not the place to bring up issues with his boss and to that extent, I did think it was inappropriate to do so, but I did not report it.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 25th day of April, 2024.

*[signature]*
_____
**WILF SCHULTHEIS**

Page 3 of 3
*U.S.A. ex rel Stepanishen v. BEI Precision Systems & Space Co., Inc.*
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-414-BRW
**Declaration of Wilf Schultheis**

Doc ID: 27687e22cbdbdf21951957c70eaf7cad15df9711