IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFFS
*ex rel.* STEVEN STEPANISHEN, and
STEVEN STEPANISHEN, Individually

v.                                    NO. 4:20-cv-414-BRW

BEI PRECISION SYSTEMS & SPACE
COMPANY, INC.                                                                          DEFENDANT

## DEFENDANT'S PRETRIAL DISCLOSURE SHEET

    1.    <u>Identity of Submitting Party</u>.  Defendant BEI Precision Systems & Space Company, Inc. ("BEI" or "defendant").

    2.    <u>Counsel for the Defendants</u>.  Regina Young and Gary Marts of Wright, Lindsey & Jennings, LLP, 200 West Capitol Avenue, Suite 2300, Little Rock, Arkansas 72201; (501) 371-0808.

    3.    <u>Brief Summary of Claims and Relief Sought</u>.  Plaintiff Steven Stepanishen ("Stepanishen" or "plaintiff") worked at BEI from 1998 to March 5, 2020, when he was terminated from his job as a reliability engineer.  Plaintiff claims that his termination violated the False Claims Act's ("FCA") anti-retaliation provision, an allegation that he bases on issues about optical encoders that he claims he raised in the course of his work as a reliability engineer.  Plaintiff's complaint seeks damages, including double back pay and special damages, interest, costs, and reasonable attorneys' fees.

3121121-v1

4. <u>Prospects for Settlement</u>. The parties have engaged in limited settlement negotiations. Defendant thinks the prospects for settlement are unlikely, but it is open to further negotiations.

5. <u>Basis for Jurisdiction and Objections to Jurisdiction</u>. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and to 31 U.S.C. § 3729. There are no objections to jurisdiction.

6. <u>List of Pending Motions</u>. BEI's Motion for Summary Judgment (Doc. 47). BEI may file objections to plaintiff's pretrial disclosures and/or motions in limine in the times set by this Court's orders.

7. <u>Concise Summary of Facts</u>. Plaintiff worked at BEI from 1998 to March 5, 2020, when he was terminated from his job as a reliability engineer following a series of incidents in which he acted inappropriately toward colleagues and customers. On October 30, 2019, Steven Parker, who was Stepanishen's supervisor, emailed him and asked him "to stop alienating the team and be part of the solution" and to stop sending "extended emails with everyone on blast" that harmed relationships and made resolving issues difficult. Stepanishen had also had issues with his job performance, including failure to perform his job duties, missing issues with products, and showing up late and unprepared to meetings. In December, 2019, Parker met with Stepanishen and discussed these issues with his job performance. At that meeting, Stepanishen signed a "Last Chance Agreement" as condition of continued employment at BEI. Under the Last Chance Agreement, Stepanishen agreed as a condition of continued employment (1) "to refrain from any

disruptive behavior and [to] act in a professional manner at all times"; (2) "to follow direction from Program Management on all customer interactions"; (3) "to abide by all company rules and regulations"; and (4) "to keep personal issues from affecting the workplace and his productivity." Stepanishen further agreed that any violation of any of those four conditions would be "grounds for immediate termination" for two years. Despite agreeing that violating the conditions in the Last Chance Agreement would be grounds for termination, Stepanishen did not comply with those conditions. On March 5, 2020, Wilf Schultheis, Director–Operations for BEI, reported that Stepanishen had behaved inappropriately in a meeting held the previous day. Because this report from Schultheis showed a violation of the Last Chance Agreement, Parker terminated Stepanishen's employment.

8. <u>All Proposed Stipulations</u>. None, except that BEI expects the parties to be able to stipulate that certain documents exchanged in discovery are authentic and are not hearsay. The parties may also be able to stipulate as to the admissibility of certain documents exchanged in discovery.

9. <u>Issues of Fact to be Contested</u>. As stated in BEI's motion for summary judgment, BEI contends that there are no genuine issues of material fact in this case. To the extent there is a trial in this matter, BEI will contest that plaintiff engaged in whistleblowing activity; that plaintiff was terminated in retaliation for whistleblowing; and all issues of fact related to damages.

10. <u>Issues of Law to be Contested</u>. See the parties' briefing on BEI's motion for summary judgment. Additional, issues of law may arise in the

discussion of jury instructions or in objections raised as to particular testimony or exhibits. Further, BEI anticipates issues of law will be raised in motions in limine. BEI will raise any such issues of law in the time and manner specified by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any order of this Court.

11. <u>List and Brief Description of Exhibits, Documents, Etc. The Party Expects to Offer and Those Which the Party May Offer</u>. At the trial of this matter, BEI expects to offer the following exhibits:

| Document | Bates No. |
|---|---|
| Plaintiff's text messages to Stephanie Shelton | BEI 000026 – BEI 000027 |
| Plaintiff's 2017 Performance Review | BEI 000245 – BEI 000249/Doc. 52-5, pg. 3 - 7 to plaintiff's response to BEI's motion for summary judgment |
| Plaintiff's 2018 Performance Review | BEI 000243 – BEI 000244/ Doc. 52-5, pg. 8-10 to plaintiff's response to BEI's motion for summary judgment |
| Last Chance Agreement | BEI 000031 |
| February 10, 2020, Employee Performance Appraisal | Relator 00025 – Relator 00026/BEI 000241-BEI 000242 |
| February 27, 2020, Memo from Stepanishen to HR regarding 2019 Performance Review | BEI 000233 – BEI 000239 |
| Documents from the EEOC Charge file | BEI 000281 – BEI 000285 and BEI 000314 – BEI 000317 |
| U.S.D.C. complaint, Stepanishen v. Marcus Baker, et al., 4:23-cv-421-LPR | |
| Consolidated List of Recent Issues | BEI000017 – BEI 000021 |
| Documentation from plaintiff's personnel file | BEI 000037 – BEI 000099; BEI 000100 – 106 |
| Stepanishen's computer activity logs | BEI 000344 – BEI 000373 |
| March 5, 2020, email from Wilf Schultheis to Lori Edwards | BEI 000029 – BEI 000030 |
| March 5, 2020, Termination letter | BEI 000028 |

4

| | |
|---|---|
| Relevant policies from BEI's Employee Handbook, including the Whistleblower Protection Policy | BEI 000614 – BEI 000663 |
| Job Description | BEI 000597 – BEI 000599 |
| Emails | BEI 000600; BEI 000607; BEI 000374 – 000387; BEI 000388 –000402; BEI 000403 –000421; BEI 000423 – 000426; BEI 000431 –000435; BEI 000436 – 000437; BEI 000438 –000440; BEI 000446 – 000452; BEI 000548- 000551; BEI 000552 - 000556; BEI 000563 –000566; BEI 000583 – 000585; BEI 000586 –000589; BEI 000590; BEI 000608-000613 |
| Declaration of Wilf Schultheis. | Document 52-3 to plaintiff's response to BEI's motion for summary judgment |
| The Government's Notice of Election to Decline Intervention | Doc. 14 |
| Relevant portions of plaintiff's medical records | |
| Report of Dr. Tanya Rutherford Owen | See BEI's expert disclosures |
| Relevant portions of plaintiff's deposition testimony | See BEI Deposition Designations |
| Stepanishen's Declaration and Exhibits thereto submitted in response to BEI's motion for summary judgment | |
| Documentation regarding plaintiff's application for re-employment at BEI | |

At the trial of this matter, BEI may offer the following additional exhibits, reserving its objections to these exhibits and testimony to which these exhibits would be relevant:

    a.    The transcript of plaintiff's deposition including exhibits to such deposition to which BEI does not object;
    b.    All other documents produced in discovery by any party to which BEI does not object;
    c.    All other documents made exhibits to any pleading, motion, response, other filing, or deposition to which BEI does not object;

    d.    All documents identified in Stepanishen's pretrial disclosures (to the extent the disclosures are not objectionable to BEI); and

    e.    Documents offered solely for impeachment purposes.

BEI may also show the jury enlargements or excerpts of exhibits and, in opening statement and closing arguments, may show the jury presentations that summarize the proof (or anticipated proof) and BEI's statement/argument.

Depending upon what evidence plaintiff introduces during the case-in-chief, defendant reserves the right to introduce any document identified by any party as a potential exhibit and any document produced by any party during initial disclosures or discovery.

    12.    <u>Witnesses</u>.  BEI anticipates calling the following witnesses to testify at the trial:

| Name | Contact Info. | Will or May Call/Live or By Deposition |
|---|---|---|
| Steven Parker<br><br>Former Senior Director- | Steven.Parker1@outlook.com | Will call live |
| David Dam<br><br>Vice President-All Programs | 1100 Murphy Dr, Maumelle, AR 72113 | Will call live |
| Stephanie Shelton<br><br>Program Manager | 1100 Murphy Dr, Maumelle, AR 72113 | Will call live |
| Andrew Chouinard<br><br>Design Engineer | 1100 Murphy Dr, Maumelle, AR 72113 | Will call live |
| Paul Remmel<br><br>Engineer | 1100 Murphy Dr, Maumelle, AR 72113 | Will call live |
| Wilfred Schultheis<br><br>Former Director-Operations for BEI | wilf@usa.com | Will call live |

| Heath McKoin<br><br>Former Program Manager for BEI | 27 Beaverfork Place, Conway, AR 72032 | May call live via Zoom or other video conferencing platform |
| --- | --- | --- |
| Matt Jones<br><br>Former Controller | | May call live |
| Tanya Rutherford Owen, Ph.D. | Owen Vocational Services, Inc. | Will call live |
| Plaintiff Steven Stepanishen | | Will call live and by deposition |

      BEI reserves the right to call any witness identified in plaintiff's pretrial disclosures.

      BEI reserves the right to call other rebuttal or impeachment witnesses whose identities cannot reasonably be foreseen ahead of trial.

      13.    <u>Current Status of Discovery</u>.  Discovery is complete.

      14.    <u>Estimated Length of Trial</u>.  Three or four days.

                                   WRIGHT, LINDSEY & JENNINGS LLP
                                     200 West Capitol Avenue, Suite 2300
                                     Little Rock, Arkansas 72201-3699
                                     (501) 371-0808
                                   FAX: (501) 376-9442
                                   grather@wlj.com
                                   ryoung@wlj.com

                                 By: _____
                                     Regina A. Young (96161)
                                     Gary D. Marts, Jr. (2004116)

                                 *Attorneys for BEI Precision Systems & Space Company, Inc.*

## CERTIFICATE OF SERVICE

On May 14, 2024, a copy of the foregoing was served by email on the following:

Sean Short
*sean@sanfordlawfirm.com*

Josh Sanford
*josh@sanfordlawfirm.com*

_____
Regina A. Young