IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Steven Stepanishen, and STEVEN STEPANISHEN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>BEI PRECISION SYSTEMS & SPACE COMPANY, INC.,<br><br>Defendant. | Civil Action No.<br>4:20-cv-414-BRW |

**PLAINTIFF'S PRETRIAL DISCLOSURE SHEET**
**PURSUANT TO LOCAL RULE 26.2**

COMES NOW Plaintiff Steven Stepanishen, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Pretrial Disclosure Sheet does hereby state as follows:

**1.     Identity of the party submitting information.**

Plaintiff Steven Stepanishen, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC.

**2.     Names, addresses, and telephone numbers of all counsel for the parties.**

Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Telephone: (501) 221-0088, Facsimile: (888) 787-2040; Email: josh@sanfordlawfirm.com.

3. **A brief summary of the claims and relief sought.**

This is an action under 31 U.S.C. § 3730(h) for relief from retaliatory actions. The False Claims Act's ("FCA") anti-retaliation provision protects employees, contactors, and agents who engage in protected activity from retaliation in the form of their being discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment. Plaintiff alleges that he was terminated in retaliation for his internal whistleblowing as to the fraudulent development, contracting and production of Nanoseries optical enconders, as well as stating his concern regarding improper billing. Plaintiff's alleged damages include double back pay, interest on the back pay, compensation for special damages, costs and reasonable attorneys' fees.

4. **Prospects for settlement.**

Plaintiff remains open to settlement.

5. **The basis for jurisdiction and objections to jurisdiction.**

Plaintiffs seek relief under the FCA, 31 U.S.C. § 3730(h).  Therefore, this Court has federal question jurisdiction of this action under 28 U.S.C. § 1331. The acts complained of in Plaintiff's Complaint were committed and had their principal effect within the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiff knows of no outstanding objections to jurisdiction or venue.

6. **A list of pending motions.**

Defendant's Motion for Summary Judgment. ECF No. 47.

7. **A concise summary of the facts.**

Defendant employed Stepanishen as a reliability engineer from 1998 until it terminated his employment on March 5, 2020. In the late summer or early fall of 2019, Stepanishen began working on failure analyses for multiple different government contracts for Defendant's newest line of optical encoders, which was part of Defendant's new NanoSeries line of encoders. The encoders failed spectacularly, and in ways that raised red flags for Stepanishen. When Stepanishen raised his concerns with the engineering department, he was told that no prototype had been funded by Defendant, despite multiple requests.

Having read the contracts and requirements for these new NanoSeries encoder programs, Stepanishen understood that Defendant's customers, which included NASA, the United States Space Force, and other government subcontractors, had contracted for low-risk, mature and finalized designs. Stepanishen realized that contracting to sell a product that had not undergone the rigorous testing required by the industry without disclosing that material fact could constitute fraud. Stepanishen raised these concerns with Steven Parker ("Parker"), his direct supervisor, in October of 2019.

Immediately following this meeting with Parker, Stepanishen's workplace culture turned hostile. Before October of 2019, Stepanishen never received a complaint of unprofessionalism or disruptive behavior from a co-worker or any of Defendant's customers with whom he worked closely. After his meeting with Parker, Stepanishen began to receive discipline and reprimands for unprofessional behavior for actions that had never been issues prior to the meeting. Specifically, Stepanishen was accused of unprofessional and disruptive behavior at several meetings, one of which led to Parker insisting that he sign a

Last Chance Agreement, and one of which Parker insisted violated his Last Chance Agreement and resulted in Stepanishen's termination.

Finally, in February of 2020, Stepanishen again raised fraud concerns with Parker regarding the NanoSeries encoders' failures. During this meeting, Stepanishen accused Defendant of committing fraud and for the first time stated that he intended to include those allegations in the failure analyses he was preparing for Defendant's customers, which included NASA, the United States Space Force, and other government subcontractors. Very shortly after this meeting, in which Stepanishen informed Parker he believed the Defendant committed fraud and that his report would disclose Defendant's fraud to the United States government, Stepanishen was fired due to fabricated accusations of unprofessionalism.

    **8.**    **All proposed stipulations**

    A. Stepanishen worked at BEI from 1998 to March 5, 2020, when he was terminated from his job as a reliability engineer.

    B. Stepanishen's rate of pay at the time of his termination was $127,132 per year.

    C. Defendant is a manufacturer and provider of a variety of motion control components for military, space, aviation, range tracking, and scientific programs. Defendant largely produces optical encoders and custom space instrumentation and is both a prime government contractor and a government subcontractor.

    D. During the statutory period, Defendant had prime or subcontracts with the United States through NASA, Ball Aerospace & Technologies, Northrop

   Grumman, Lockheed Martin, Trax International, the DOD and the United States Air Force, through programs such as the NASA GSFC OCI PACE, NASA Solar Cal, and the Next Generation OPIR Geosynchronous Earth Orbiting System.

   E. Plaintiffs anticipate that the Parties will be able to stipulate to the authenticity and admissibly of most or all exhibits.

**9.   The issues of fact expected to be contested.**

   A. Stepanishen's job duties.

   B. Stepanishen's job performance.

   C. Stepanishen's workplace behavior.

   D. Whether Stepanishen violated the conditions of the Last Chance Agreement.

   E. BEI's motivation for terminating Stepanishen's employment.

**10.  The issues of law expected to be contested.**

   A. Whether the issues Stepanishen raised as part of his job as a reliability engineer was protected conduct.

   B. Whether BEI knew that Stepanishen engaged in protected conduct.

   C. Whether BEI retaliated against Stepanishen.

   D. Whether BEI had a legitimate reason to terminate Stepanishen's employment.

   E. Plaintiff's entitlement to damages.

**11.     A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiff expects to offer:

A.      Plaintiff's performance reviews; BEI 0250-0251; BEI 0245-0249; BEI 0243-0244; BEI 0299;

B.      Plaintiff's Last Chance Agreement; BEI 031;

C.      March 5, 2020, email from Wilf Schultheis to Lori Edwards; BEI 029-030;

D.      March 5, 2020, Termination Letter; BEI 028;

E.      Declaration of Steven Parker submitted as Exhibit 2 to BEI's motion for summary judgment;

F.      BEI's emails related to Plaintiff's employment; and

G.      Excerpts from Plaintiff's employee files.

Plaintiff may offer the following exhibits:

A.      Any filed document of record by Defendant in this case;

B.      Any filed document of record by Plaintiff in this case;

C.      Any and all documents exchanged by the Parties in this case; and

D.      All exhibits listed in Defendant's Pretrial Disclosures.

**12. The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call the following individuals as witnesses:

A. Named Plaintiff Steven Stepanishen;

B. Steven Parker; c/o Defendant

C. Wilfred Schultheis; 1460 Stone Crest Dr, Conway, AR 72034

D. Charlotte Stowe; P.O. Box 142, Roland, AR 72135

E. Jim Dyer; 2694 Nutter Chapel Rd, Conway, AR, 72034; and

F. William Clay Dyer.

Plaintiff may call:

G. Gary Rowe; and

H. Any witnesses identified by Defendant in Defendant's pretrial disclosures.

**13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery in this case is complete.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that the trial of this matter can be accomplished in three to four days.

Respectfully submitted,

**SANFORD LAW FIRM, PLLC**

Kirkpatrick Plaza
10800 Financial Centre Pkwy., Suite 510
Little Rock, Arkansas 72211
(501) 221-0088 (office)
(888) 787-2040 (fax)

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com